[Sac. No. 4144. Department Two.—December 31, 1928.]

SIMON NEWMAN COMPANY (a Corporation), Respondent, v. GEO. W. FINK et al., Appellants.

J. M. Walthall for Appellants.

Whitehurst & Logan for Respondent.

SHENK, J.—This is an appeal from a judgment in favor of plaintiff in an action to revive and foreclose a first mortgage on personal property.

The defendant Ora T. Medlin was the owner of the personal property, which consisted of a tractor, farming implements, a harvested crop of hay and other personal property on his ranch in Stanislaus County. The mortgage referred to was executed on September 21, 1920, by the defendant Medlin to the defendant First National Bank of Crow's Landing to secure the payment of two promissory notes aggregating the principal sum of $2,400. The defendant George W. Fink was the secretary and cashier of the defendant bank and was handling for the defendant Medlin his loan transactions with the bank. On May 18, 1921, Medlin executed and delivered to the defendant Fink, personally, a note in the sum of $2,500 and a mortgage to secure the payment thereof covering the same personal property mentioned in the first mortgage. Both mortgages were recorded. Medlin also owed other sums to the defendant Fink which were unsecured by any lien on the personal property mentioned; and also owed a small unsecured balance of a little less than $200 to the plaintiff. Medlin was unable to meet his obligations and required further funds with which to carry on his farming operations.

It is unnecessary to enter into the detail of all the conversations and negotiations had among the parties. It is undisputed that Medlin finally arranged with the plaintiff for a loan and, with the knowledge of the defendant Fink, it was agreed that with the funds so borrowed Medlin would pay off the note and mortgage to The First National Bank of Crow's Landing and would give the plaintiff a new mortgage on the same personal property. During the negotiations the plaintiff requested of the defendant Fink a report of how Medlin "stood." To this request the defendant Fink answered by letter to the plaintiff as follows:

"In accordance with your request of last meeting, we are enclosing copy of Medlin chattel mortgage, and statement of amount due this bank on said mortgage. Note $2400.00 at 8 per cent from April 21st to September 12-22, $75.73, $2475.73 amount due the bank to September 12th, 22. On the old crop mortgage due me personally, are two notes, as follows: Note $400.00 with interest at 8 per cent from March 24th, 1921, $48.00, $448.00. Note $325.00 with interest $34.67, $807.67, total due me personally on old crop mortgage which is now unsecured on account of warehouse receipt not having reached far enough." The plaintiff replied to Fink by letter requesting that a release of the chattel mortgage held by the defendant bank be prepared and stating that it was not concerned with Medlin's indebtedness to Fink personally and would not abide by his request to pay it. The plaintiff paid Medlin's debt to the defendant bank, recorded the release of the first mortgage and also the mortgage given by Medlin to secure the total amount of his indebtedness to it.

There was additional testimony in the record that Fink had shown to Louis J. Newman, one of the officers of the plaintiff, Medlin's note to him for $2,500 which stated that it was secured by chattel mortgage on the personal property mentioned. This was denied by Mr. Newman, who testified that he saw only the note and mortgage to the bank. There was testimony also that Medlin did not know that he had given a note and mortgage to Fink personally but believed that he was dealing with him as an officer of the bank and that the second note and mortgage was a renewal of the first.

On this state of the record the defendants-appellants contend that plaintiff is not entitled to a revival of the first mortgage and to be subrogated to the rights of the defendant bank thereunder, because (1) there is evidence that the plaintiff knew of the second mortgage and the findings of the trial court are not sufficiently supported; (2) plaintiff was a mere volunteer and not, therefore, a person in whose favor the doctrine of subrogation may be invoked; (3) plaintiff was inexcusably negligent in not informing itself by a search of the records, and (4) the doctrine does not apply to liens on personal property.

■ Indisputably the state of the record disposes of the appellant's first contention. Without repeating the findings which appellants assert are unsupported by the evidence, it is enough to note that there is evidence in the record, including the inferences which the trial court might deduce therefrom, sufficient to support all of the court's findings.

■ The other contentions of the appellants are likewise without merit. The general rule respecting the rights of persons who advance money to pay off encumbrances is stated in 27 American & English Encyclopedia of Law, second edition, at page 247, as follows: "One who advances money to pay off an encumbrance on realty at the instance of either the owner of the property or the holder of the incumbrance, either on the express understanding, or under circumstances from which an understanding will be implied, that the advance made is to be secured by a first lien on the property, is not a mere volunteer; and in the event the new security is for any reason not a first lien on the property, the holder of such security, if not chargeable with culpable and inexcusable neglect, will be subrogated to the rights of the prior encumbrancer under the security held by him, unless the superior or equal equities of others would be prejudiced thereby, and to this end equity will set aside a cancellation of such security, and revive the same for his benefit." (See, also, *Swift* v. *Kraemer*, 13 Cal. 526 [73 Am. Dec. 603]; Civ. Code, sec. 2903.)

In support of their contention that plaintiff is a volunteer, appellants quote in substance what is also a general rule, stated in 27 American & English Encyclopedia of Law, second edition, at page 255, to be: "One who advances money to pay the debt of another, in the absence of agreement, express or implied, for subrogation, will not be entitled to succeed to the rights and remedies of the creditor so paid unless there is some obligation, interest, or right, legal or equitable, on the part of such person in respect of the matter concerning which the advance is made, as otherwise he is a stranger, a volunteer, an intermeddler, to whom the equitable right of subrogation is never accorded."

There is no conflict in these two statements, and no quarrel with the correctness of either of them. What the appellants have failed to appreciate is that one who pays off an encumbrance at the request either of the mortgagor or of the

holder of the encumbrance with the understanding that he is to have a first lien as security is not a volunteer. (See, also, *Campbell* v. *Foster Home Assn.*, 163 Pa. St. 609 [43 Am. St. Rep. 818, 26 L. R. A. 117, 30 Atl. 222].)

The cases cited from this jurisdiction by the appellants do not dispute, but in fact recognize, the general principles stated. In *Brown* v. *Rouse*, 125 Cal. 645 [58 Pac. 267], and *Guy* v. *Du Uprey*, 16 Cal. 196 [76 Am. Dec. 518], cited by the appellants, it was held that the plaintiffs were volunteers because the substituted mortgages were executed by agents of the mortgagors without authority.

██ That a court of equity has power in a proper case to revive a discharged mortgage, even one which has been released of record, is not questioned. (See 23 Cal. Jur., pp. 938, 939.)

██ Whether a failure to make a search of the records would preclude the right to subrogation which the plaintiff otherwise might have had, it is unnecessary to determine. That such a right would not be so affected in the absence of actual knowledge is intimated in the case of *Darrough* v. *Herbert Kraft Co. Bank*, 125 Cal. 272 [57 Pac. 983]. In the present case the trial court was clearly justified in finding the equities in favor of the plaintiff in spite of plaintiff's failure to inform itself from the records. The defendant Fink should not be heard to say that plaintiff was negligent because it did not search the records, when by his own conduct in failing to disclose material facts when he was under a duty to speak he impliedly represented that no other facts existed, and thereby misled the plaintiff into changing from a position which it would not have surrendered had it known all the facts.

██ Appellants' last contention is answered by the case of *Bumiller* v. *Bumiller*, 179 Cal. 119 [175 Pac. 897], where the court applied the doctrine of equitable subrogation to facts involving interests in corporate stock. The fact that the personal property has depreciated in value does not change the equities. That is a probability that the lender must be deemed to have taken into consideration at the time he took the mortgage security and that fact alone cannot change the position in which Fink should expect to be and in which he would have been had the lien of the first mortgage continued alive.

Other points made do not require specific notice. No rights of third persons who might be injured by the revival of the first mortgage are involved; and no prejudice to the creditor under the first mortgage, who has been paid in full, is shown. The judgment is therefore affirmed.

Richards, J., and Langdon, J., concurred.