[Civ. No. 17278.   Second Dist., Div. Two.   Feb. 20, 1950.]

ARCH HOTCHKISS, JR., Respondent, v. NELSON R. THOMAS AGENCY, INC., Appellant.

Dudley Robinson for Appellant.

Price, Nottbusch, Cory & Schwartz for Respondent.

WILSON, J.—This is an action for declaratory relief by which plaintiff seeks a declaration of the rights and duties of the parties under three contracts. Defendant appeals from the judgment.

The first of the contracts in question is dated June 1, 1946, and is in the form of a letter addressed to defendant by plaintiff, reading as follows:

"This is to advise that effective June 1, 1946, you are hereby appointed exclusive selling agent of the Ol' Sarge line of gun cleaning equipment and brushes, and Ol' Sarge oil, in the following states: California (Excepting San Diego and Imperial Counties) Washington, Oregon, Nevada, Utah and Idaho.

"We will bill all merchandise shipped to your accounts to you at the current established distributors price, less a selling commission of 10%. Payment of all such accounts will be on terms of 2% 10 days, 30 days net.

"You will be required to purchase a minimum of 5000 rods per month, in such quantities and sizes as may be determined by the ability of the factory to obtain materials. Shipments will be made for your account from our warehouse in San Diego, with full freight allowed on 100# shipments.

"Please acknowledge your acceptance by signing and returning the enclosed copy."

Defendant's signature appears at the bottom of the letter under the words "Accepted By."

The second contract is dated June 18, 1946, and is similar in form to the first, the only variances being that the second agreement specified a different territory and the minimum quota was increased to 30,000 rods per month. By its terms this contract became effective June 1, 1946. It contains the statement that it "supersedes our letter of agreement of June 1, 1946."

The third is an oral agreement entered into on October 14, 1946, wherein the contract dated June 18 was mutually rescinded and the first contract dated June 1 was reinstated.

Defendant admits the execution of the several contracts and their validity at the time of execution. He also admits the first agreement was superseded by the second and that by the oral agreement the latter was mutually rescinded and the first contract reinstated. He contends, however, that the judgment is not in accordance with the findings and that the findings are not supported by the evidence.

The trial court found that the three contracts are valid; that by the oral agreement of October 14, the second contract was mutually rescinded and the first was reinstated; that plaintiff is entitled to the observance and performance of the conditions and provisions of the contract of June 1. ▮ The judgment decrees that plaintiff and defendant are "entitled to the observance and performance of those conditions and provisions of the aforesaid contracts, which said conditions

and provisions are referred to in the Findings of Fact on file herein.''

Since the agreement of June 18 was mutually rescinded and the agreement of June 1 was reinstated by the oral agreement of October 14, the only contract of which the parties are entitled to performance is that of June 1. The judgment and findings are inconsistent to the extent that the judgment decrees that the parties are entitled to the performance of all three contracts, whereas the findings declare that only that of June 1 is in effect.

The court further found that under the agreement of June 1 defendant was required to purchase a minimum of 5,000 rods per month. Defendant contends that there was no obligation upon its part to purchase the minimum but that the quota specified was required to be maintained in order to entitle defendant to continue in exclusive possession of the territory allotted to it.

In the absence of an ambiguity the general rule is that the terms of a written agreement cannot be varied or changed or modified or even explained by parol testimony. (*Gianelli* v. *Globe Grain & Mill Co.*, 48 Cal.App. 103, 107 [191 P. 720] ; *Lande* v. *Southern Cal. Freight Lines*, 85 Cal.App.2d 416, 421 [193 P.2d 144].) All material previous oral negotiations regarding the terms and conditions of a contract which is subsequently reduced to writing and signed by the respective parties are presumed to have been included therein. (*Assets Corp.* v. *Perrin Properties, Inc.*, 48 Cal.App.2d 220, 228 [119 P.2d 375].) The case does not fall within the exceptions of section 1856 of the Code of Civil Procedure since the ambiguity was not put in issue by the pleadings nor was the validity of the contracts in dispute. However, plaintiff seeks a declaration of the rights and duties of the parties under the contracts and the case was tried and argued and is presented on appeal upon the theory that there is a dispute between them as to the construction of the term ''you will be required to purchase.'' It is plaintiff's contention that it should be construed as an absolute obligation upon the part of defendant to purchase the minimum number of rods specified. Defendant contends it was under no obligation to purchase the minimum but that its obligation was only as to the quota it was required to purchase in order to retain its exclusive distributorship.

Plaintiff introduced into evidence, without objection,

the deposition of defendant's president, Nelson R. Thomas, taken under the provisions of section 2055 of the Code of Civil Procedure. Mr. Thomas testified as follows: "When you speak of 'purchase,' our only agreement to purchase was when we issued our purchase order. The figure set in the letter was the quota established for maintaining the relationship." He further testified it was his understanding from his conversation with plaintiff that defendant was to purchase a minimum of 5,000 rods per month to maintain the distributorship or selling agency for certain specified states. The above evidence was not contradicted by plaintiff and there is no evidence that the parties themselves interpreted the minimum purchase requirement in the agreement other than as a quota required to be maintained in order that the defendant might continue as exclusive agent for plaintiff's products in the specified territory. Plaintiff testified defendant did not in any one month order the minimum quota. Mr. Thomas testified there was never any discussion with plaintiff about unfilled quotas or any obligation on defendant's part to take goods it had not taken. There is no evidence that plaintiff made any demand upon defendant to purchase its quota and plaintiff testified that in May, 1947, he wrote Mr. Thomas that "it had gone on for some time here now, and that I thought we had better acknowledge the cancellation of any mutual working together in line with distribution, all together, that we had no more orders from him, and that we had to get to work to get distributors." The evidence does not sustain the finding that there was an absolute requirement that defendant purchase a minimum of 5,000 rods per month under the agreement of June 1, 1946.

The contracts contain no provision with reference to their expiration. The court found that each of them was to expire one year from June 1, 1946. Until the time of trial no question appears to have been raised by the parties as to the duration of the contracts and when plaintiff sought to introduce evidence as to their understanding with reference thereto defendant objected and the objection was overruled. Parol evidence cannot be admitted to add another term to an agreement even if the writing contains nothing relating to the particular provision to which the parol evidence is directed. (*Harrison* v. *McCormick*, 89 Cal. 327, 330 [26 P. 830, 23 Am.St.Rep. 469]; *Heffner* v. *Gross*, 179 Cal. 738, 742 [178 P. 860].) The trial court erred in admitting oral evidence as to the understanding between the parties with respect to

the term of the contracts and in finding and adjudging that the contracts were to expire one year from June 1, 1946.

Judgment reversed.

Moore, P. J., and McComb, J., concurred.