[Civ. No. 4849. Fourth Dist. July 30, 1954.]

MARY Z. DUNLOP et al., Appellants, v. HERSUM LUM-
BER COMPANY, INC. (a Corporation) et al., Re-
spondents.

Francis J. Maher for Appellants.

Ruel Liggett, Roy M. Cleator and E. C. Davis for Respondents.

GRIFFIN, J.—This action, commenced by plaintiff, is in equity, for declaratory relief, an accounting, to quiet title, and for damages.

The appeal is on the judgment roll alone. Only the pleadings, findings and judgment will therefore be considered since it must be assumed that the evidence was sufficient to support the findings. (3 Cal.Jur.2d 798, § 267.)

Plaintiff Mary Z. Dunlop and her husband Harry C. Dunlop seek to annul a deed of trust on certain described real property and a note for $5,500 executed by Mrs. Dunlop on October 27, 1951, to defendant Security Trust and Savings Bank of San Diego, as trustee, for the benefit of defendant Hersum Lumber Company, Inc., to which they gave this note and trust deed to establish their credit for the purchase of lumber and other building materials which they desired to buy for their building business.

An accounting is sought from defendant Hersum Lumber Company as well as damages claimed to have been sustained when the note and trust deed were sold by Hersum Lumber Company to defendant American A-One Investment Company, which defendant claims to be an innocent purchaser in due course and for value. Defendants and cross-complainants Edgar Allen Myers and wife are persons to whom, on October 27, 1951, plaintiffs gave an option to buy the real property, subject to this trust deed and note.

By the cross-complaint the Myers ask that their rights under the option to buy be declared and protected, and to declare the terms under which it may be exercised. They also ask for specific performance, declaratory relief, and to quiet title against all cross-defendants.

Plaintiffs' complaint alleges six separate claimed causes of action. The first alleges that plaintiffs received no consideration for the execution and delivery of the trust deed

and note to defendant Hersum Lumber Company, Inc., it being agreed that it would hold them only as security for the payment of lumber, etc. to be furnished in the future.

The second is that the note was given as security for the purchase price of material for one specific house and not for other credit purchases then being made by plaintiffs for other Dunlop building projects.

The third seeks to brand as fraudulent an instrument entitled "Agreement" attached to the complaint, whereby plaintiffs purported to give Hersum Lumber Company their consent to the sale of the trust deed and note to the American A-One Investment Company for $3,000.

The fourth is an alternative restatement of the third.

The fifth is to quiet title to the real property encumbered by the trust deed.

The sixth is for an accounting as to the $3,000 received by the Hersum Lumber Company, Inc., from the sale of the note and trust deed.

Defendant Hersum Lumber Company, Inc., filed a cross-complaint against plaintiffs in which it seeks judgment for a balance due of $300, which it claims the Dunlops owe to it for materials purchased. However, the court found this claim was unfounded.

The court found generally against plaintiffs' contentions and that plaintiffs were in need of credit at the defendant lumber company to purchase building materials for their several building projects; that they executed the trust deed and note for $5,500; that the American A-One Investment Company bought them from the lumber company for $3,000, the amount plaintiffs then owed on it; that after the American A-One Investment Company purchased the trust deed and note it discovered that plaintiffs had given defendants Myers an option to purchase the real property for $7,807, of which sum $1,068 had already been paid to plaintiffs by the Myerses, and that construction of the house on this subject property had been commenced before the recording of the deed of trust, so that numerous and substantial mechanics' liens for labor and material supplied therefor, being still unpaid, were probably prior and superior to the lien of the trust deed; that to protect itself, American A-One Investment Company bought up these several liens and opened an escrow to permit the Myerses to consummate their purchase of the property under their option, and invited plaintiffs, the Dunlops, to enter into the escrow to negotiate with the lien claimants,

to comply with their option to sell to the Myerses, and to pay and arrange to pay American A-One Investment Company's demand of $3,000 and interest under the trust deed, plus the amount it had paid to the lien claimants; that plaintiffs refused to cooperate and American A-One Investment Company commenced foreclosure of its trust deed, which was then in default, and that this action intervened and the foreclosure proceedings were held in abeyance.

The trial court, in this action, proceeded to determine the rights of the respective parties and enforce an equitable settlement of the entire controversy. It held that the Myerses should be permitted to consummate the purchase of the property for the amount of their option, which the court found to be $7,807, on which they had paid $1,068, leaving a balance of $6,739 still owing. It then held that from this balance American A-One Investment Company should receive the amount it had paid for the trust deed ($3,000) plus interest; that in addition it should receive the amount paid for the foreclosure costs, etc., plus the amount of the mechanics' liens which American A-One Investment Company was forced to buy or guarantee payments on, amounting to $3,655.73, or a total of $6,655.73. After deducting this sum from the $6,739, it then concluded that plaintiffs should have judgment for the difference, which was $83.27.

It appears that during the trial of the action plaintiffs gave a quitclaim deed and two trust deeds on this same property to third parties not here involved and that plaintiffs were either unwilling or unable to cancel or rescind them for the protection of the parties defendant herein so the court ordered defendant American A-One Investment Company to proceed with its trust deed foreclosure for the benefit of the defendants herein and for the purpose of eliminating these new claimants.

The court then concluded that plaintiffs should recover judgment against the defendant American A-One Investment Company for $83.27, less any additional amount paid for additional foreclosure costs; that the Myerses have judgment for specific performance against plaintiffs, requiring plaintiffs to convey the real property to them upon executing a first trust deed for $6,739 on the property, payable to American A-One Investment Company at $68 per month, beginning February 18, 1952. It then concluded that if the American A-One Investment Company should buy the property in at the foreclosure sale it must resell it to Myers upon certain

prescribed terms, and that the Myerses were obligated to purchase it accordingly. Judgment was entered in accordance with these conclusions.

It is plaintiff's contention on this appeal (1) that although this is a case in equity the jurisdiction of the court is still limited by the pleadings, by the issues, and by the prayers of the parties, and the court cannot proceed to make a judgment which in effect changes the title to real property, prescribes the making of a new trust deed and note, and passes upon the validity of mechanics' liens not pleaded; that a judgment which exceeds the issues pleaded is *coram non judice* and void. (2) That the findings of fact and conclusions of law did not justify the judgment made even if the court had the necessary jurisdiction to make such a judgment. (3) That the judgment had the effect of granting relief to American A-One Investment Company whereas it neither asked for positive relief nor filed a cross-complaint seeking it. (4) That the court cannot, on the premise of preventing a multiplicity of suits, in an action seeking damages, declaratory relief and quiet title, reform contracts and agreements of the parties or provide something which it may consider to be justice, citing such cases as *Baar* v. *Smith,* 201 Cal. 87 [255 P. 827]; *Giese* v. *City of Los Angeles,* 77 Cal.App.2d 431 [175 P.2d 562]; *Michel* v. *Williams,* 13 Cal.App.2d 198 [56 P.2d 546]; *Hotchkiss* v. *Nelson R. Thomas Agency, Inc.,* 96 Cal.App.2d 154 [214 P.2d 568]; *Lyden* v. *Spohn-Patrick Co.,* 155 Cal. 177 [100 P. 236]; and Code of Civil Procedure, section 1962.

As to the claim that the mechanics' liens were "adjudicated" without being previously set out in any pleading by way of answer or cross-complaint, it should be pointed out that plaintiffs themselves put these lien claims in issue by complaining that there was nothing due on the trust deed note, and by asking for declaratory relief. ▮ Since the trust deed, by its terms, covers all advancements necessarily made by the beneficiary to protect its security, it was the trial court's duty to find and determine what those advancements were. (59 C.J.S. p. 370, § 298; *Simon Newman Co.* v. *Fink,* 206 Cal. 143 [273 P. 565]; *Provident Mut. Bldg. & Loan Assn.* v. *Shaffer,* 2 Cal.App. 216 [83 P. 274].)

▮ We must conclude, in the absence of any record, that the trial court made a proper determination of these amounts. (3 Cal.Jur.2d p. 810, § 271.)

■ The cross-complaint filed by the defendants Myers is a proper response to plaintiffs' complaint, in which they attempt to quiet title against all defendants. It sets forth their interest in the subject real property and asks the court to declare that interest to be valid and enforceable. (*Flanery* v. *Mudd*, 86 Cal.App.2d 250 [194 P.2d 806]; Code Civ. Proc., § 738.) The judgment and decree followed the findings of fact and conclusions of law which gave to the defendants and cross-complainants Myers and the defendant and cross-defendant American A-One Investment Company their respective equitable rights. Plaintiffs Dunlop lost nothing by the decree since the entire proceeds of the subject property (except the $83.27) was devoted toward the payment of the amounts owed by them upon said property including the amount they borrowed on it, plus the amount of the mechanics' liens which they owed but had not paid. Apparently all parties to the action claiming any affirmative relief were thus fully compensated.

It does not appear, on the face of the record, that the court had no jurisdiction or that the judgment exceeded the issues presented. ■ In equity suits, and especially in actions for declaratory relief, and for quieting title, the court will usually attempt to do complete equity, resolving all questions actually involved in the case as between all of the respective parties. (*Santa Monica Ice & Cold Storage Co.* v. *Rossier*, 42 Cal.App.2d 467 [109 P.2d 382]; *McPherson* v. *Parker*, 30 Cal. 455 [89 Am.Dec. 129].)

This is an equity case and since there is no record of the testimony brought up for review on this appeal, every inference and presumption must be in favor of the findings and judgment. The trial court had a wide latitude in deciding the case, and where it appeared that ample and complete justice was given to all the parties concerned, the judgment should be affirmed.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.