[Civ. No. 7179.   Fourth Dist.   Mar. 6, 1964.]

EDKER POPE et al., Plaintiffs and Respondents, v. FRED E. ALLEN et al., Defendants and Appellants.

Thurman & Barrett and Thomas W. Thurman for Defendants and Appellants.

Robert A. Eastman for Plaintiffs and Respondents.

GRIFFIN, P. J.—Plaintiffs-respondents, Edker Pope and his wife Blanche Pope, brought this action against defendants-appellants, Fred E. Allen and his wife Myrtle M. Allen, for specific performance and for damages involving a contract for the sale of real property in Orange County. Judgment was in favor of plaintiffs. This appeal comes to us upon a stipulated set of facts: that on February 4, 1960, the defendants were the record owners of the real property described in the complaint; that certain attached documents are photostatic copies of the entire escrow file with Title Insurance and Trust Company of Santa Ana; that said escrow file contains, among other documents, all of the written memoranda contained in the pleadings in the above entitled action, and by reference said escrow file was incorporated therein and made a part thereof; that the defendants and one Kenneth Edie executed an escrow instruction agreement dated February 4, 1960; that on February 23, 1960, one Frank Medina recorded a lease on the real property, the subject of this action; that on March 9, 1960, Edie nominated the plaintiffs as vestees in said real property; that subsequent to said date of February 23, 1960, upon search of the title to said real property, the title company found the above mentioned lease on the record against the real property, the subject of this action, and the said Kenneth Edie refused to accept title subject to the effect of said lease upon the record; that about April 5, 1960, another escrow instruction agreement, so dated, was executed by Edie and the defendants in this action, extending the closing date of said escrow

until the title to said real property was cleared of the effect of said lease as recorded and dividing the real property into two parcels denominated therein as parcel 1 and parcel 2; that about March 29, 1960, defendants instituted an action in the Superior Court of Orange County for declaratory relief and declaring said lease on the premises to be void and on July 11, 1960, judgment was entered in favor of the plaintiffs, the defendants in this action, against one Francis Medina, declaring said lease to be void; that Medina appealed this action to the District Court of Appeal and it was dismissed on February 17, 1961, thereby clearing title to all parcels of said real property; that on April 11, 1960, and May 11, 1960, Medina and his wife quitclaimed any interest they had in parcel 2 of said real estate as established in the escrow agreement dated April 4, 1960, and on June 6, 1960 the escrow was closed according to its terms on that parcel released, as aforesaid; that about February 24, 1961, a copy of the judgment in action No. 87412, Orange County, together with a certified copy of remittitur from the District Court of Appeal, was forwarded to the escrow officer with instructions that the defendants in this action were insisting that the escrow as to the remaining parcel 1 be closed at once; that on February 28, 1961, the escrow officer in said escrow wrote a letter to plaintiffs, notifying said plaintiffs that said escrow was then in a condition to be closed, and said letter was received by plaintiffs; that on May 3, 1961, the defendants, acting through their attorney as agent, cancelled the escrow as to the remaining parcel; that on June 1, 1961, plaintiffs tendered a check to the escrow officer for the closing of the escrow file on the parcel unsold in said escrow file; that said escrow officer refused to accept said check since the escrow had been cancelled by the defendants. It was further stipulated by and between the parties that the issues to be determined by the above entitled court are as follows: (1) Did the escrow agreement of April 4, 1960 extend the time for closing of said escrow to one year from the date of closing parcel 2 in the escrow, namely, June 6, 1960, or did said escrow agreement only extend the time for closing of the escrow until 30 days after the title to parcel 1 in the escrow was clear and ready for closing? (2) Since Kenneth Edie had transferred his rights in the escrow to the plaintiffs prior to the escrow instructions of April 4, 1960, are these escrow instructions effective and binding between the parties?

It was further agreed that Robert A. Eastman, if called as a witness in the trial of the action, would testify that as an

attorney for Kenneth Edie, on April 5, 1960, he met with Mr. and Mrs. Fred Allen and their attorney Thomas W. Thurman at the title company office for the purpose of having amended escrow instructions prepared, to provide for an extension of said escrow to give the sellers an opportunity to clear the title to the property from the effect of a lease which appeared of record; that for such purpose the property was divided into two parcels, designated as parcel 1 and parcel 2, in order that in the event that either parcel was released from the effect of said lease the same could then be transferred and that the escrow would remain open for the clearance of the title to the remaining parcel. Eastman suggested that a final termination date for the escrow be established in order that said escrow and the parties would not be bound for an indeterminate period of time and that after discussion the amended instructions were written to provide that: ''3. In the event that this escrow is closed on only one parcel 30 days after such said [sic] parcel is released, the closing date of this escrow on the remaining parcel shall be extended for a period not to exceed twelve months from the date of closing on first parcel.'' It was then agreed that Mr. Thurman, attorney for defendants, wrote Mr. Eastman on May 17, 1962, asking that paragraph 14 be added to the agreed statement of facts: ''14. That the Escrow Instructions Agreement, dated April 5, 1960, herein referred to above under Paragraph 7, were drawn in the office of Title Insurance and Trust Company with Robert A. Eastman, Attorney at Law, and Thomas W. Thurman, Attorney at Law, being present and assisting in the drafting of said Escrow Instructions Agreement; that if Mr. Thomas W. Thurman were called to testify in Court, his testimony would be in substance as follows:

''That the purpose of the drafting of the Escrow Instructions Agreement of April 5, 1960, was to extend and establish the closing date of the escrow on each parcel set forth in said Agreement to allow the Plaintiffs to free the property from the affect of the Medina lease which had been recorded after the original Escrow Instructions were drawn; that the attorneys assisting in the drafting of this Escrow Instructions Agreement did not want to tie the property up for a longer period of time than one year, therefore, the agreement provided for the closing of each parcel within 30 days after either of such parcels was released from the affect of said lease by Mr. Medina, and that in no event were the Escrow

Instructions to extend beyond one year from the closing of the first parcel. At the time of the drafting of the Escrow Instructions Agreement of April 5, 1962, both of the attorneys, Mr. Thurman and Mr. Eastman, were working toward the clearing of one parcel by Quitclaim Deeds which was finally affected, and the escrow as to that parcel was closed; that it was the intention of the parties that each parcel was to close within 30 days after each said parcel was released from the affect of the Medina lease, but in no event was the escrow to exist beyond one year from the closing of the first parcel, and that the provision in the Escrow Instructions Agreement was to establish a maximum time on the escrow closing on both parcels and was placed in the Escrow Agreement for no other purpose." Mr. Thurman then requested that: "If the above meets with your approval, I would appreciate your so advising me."

The trial court found generally in favor of plaintiffs for specific performance of the agreement for sale of the real property upon payment of the amounts due under the terms of the amended instructions and the execution of the deed of trust provided for therein. Judgment was entered accordingly. A motion for new trial was denied. Defendants appealed not only from the judgment but from the later order, which is not appealable. Accordingly the attempted appeal therefrom should be dismissed.

The alleged contract upon which the action was brought was contained in certain escrow instructions. The defendants answered with the affirmative defense that the time in which plaintiffs were to perform had expired and that defendants thereafter rightfully canceled the escrow. The trial court found that the amended escrow instructions constituted a valid existing contract and rendered judgment in favor of plaintiffs.

After the first escrow instructions were signed, it was discovered that certain parcels involved in the sale had a clouded title and amended instructions were signed to permit closing of the escrow at different times as to the separate parcels. This amended instruction provided:

"1. Closing of this escrow is extended for the purpose of enabling the sellers herein to obtain a release of either one or both parcels ... which closing date is hereby established to be 30 days after such release is evidenced in sufficient form to enable Title Insurance and Trust Company to proceed with the closing of this escrow, but not prior to June 1, 1960.

"2. In the event a release of said Lease is obtained on only one of the two parcels, you are hereby instructed to proceed with closing of this escrow in so far as the released parcel is concerned.

"3. In the event this escrow is closed on only one parcel 30 days after ... said parcel is released, the closing date of this escrow on the remaining parcel shall be extended for a period not to exceed twelve months from date of closing on first parcel."

Plaintiffs argue that the plain meaning of the third paragraph is that the escrow must be closed as to the second parcel within 12 months after the date of closing on the first parcel. Defendants claim the escrow expired 30 days thereafter. If the plaintiffs are correct in their contention, the trial court's holding that the contract had not expired by its terms should be sustained; otherwise, it should be reversed.

Defendants' brief recites that the written statements of respective counsel were "stipulated to in Open Court and submitted to the Trial Court for its consideration." The record in this respect is not before us.

It is quite apparent from the amended set of instructions, insofar as parcels 1 and 2 were concerned, that it was intended that its effect was to provide a means of transferring this real property after the effect of the Medina lease was removed from the title to this property; that the property was divided into two parcels by the instructions of April 5, 1960, and it clearly provides that the escrow was to close on each parcel within 30 days after said parcel was ready for closing, i.e., after the effect of the Medina lease upon the title was removed. However, paragraph 3 apparently changed or modified these provisions to some extent. It provided that if the escrow was closed on only one parcel 30 days after such parcel was released, the *closing* of this escrow on the remaining parcel should be extended for a period not to exceed 12 months from the date of closing on the first parcel.

One parcel of the real estate had been transferred to the plaintiffs by the defendants and one parcel was still affected by the Medina lease. Apparently, on February 24, 1961, after receipt of remittitur of the District Court of Appeal and the cloud of the Medina lease had been removed and after the escrow officer had been so notified, defendants insisted that the closing of the escrow on this parcel be effected immediately. On February 28, 1961, the escrow officer notified plaintiffs that the escrow was then in condition to be closed and

plaintiffs received this letter. On May 3, 1961, defendants cancelled the escrow as to this remaining parcel. On June 1, 1961, plaintiffs tendered a check into escrow for the purchase of the unsold parcel and the escrow officer refused to accept it since the defendants had canceled the escrow. The question before the court was: Did plaintiffs have until June 1, 1961, 12 months after June 6, 1960, to perform? ▆▆▆ A strict interpretation of subdivision 3 of the amended instruction states: ". . . the closing date of this escrow on the remaining parcel shall be extended for a period not to exceed twelve months from the date of closing on first parcel." The closing date on the first parcel was June 6, 1960. The tender was well within said 12-month period.

There can be no question but what the amended escrow agreement could be construed as extending the time to perform the escrow 12 months from the closing date on the first parcel, even though it might reasonably appear from the evidence produced, or attempted to be produced, that the parties did not mean this provision to convey this right. Counsel for plaintiffs recites in his brief that the trial court apparently believed that the contract was clear and not ambiguous, and that no additional facts were necessary to determine the intent of the parties, and that sections 1647-1649 of the Code of Civil Procedure did not apply. (Citing *Hotchkiss* v. *Nelson R. Thomas Agency,* 96 Cal.App.2d 154, 157 [214 P.2d 568].) The record or stipulation of facts does not indicate the grounds upon which the judgment was entered or what the belief of the trial judge was in the matter.

The trial court specifically found that all the allegations of plaintiffs' complaint respecting paragraphs 1 to 5 were true and that defendants' defense, paragraph 1, claiming the escrow closing date was 30 days after defendants obtained a release of the lease cloud was untrue, and that it was untrue that on June 1, 1961, the escrow agreement had no force and effect.

▆▆▆ It is a general rule that in construing contracts, the written instrument is the first and highest evidence as to the intent of the parties in executing a contract. (*Davis* v. *Basalt Rock Co.,* 114 Cal.App.2d 300 [250 P.2d 254].) ▆▆▆ The code provision permitting the showing of surrounding circumstances is not applicable to every contract which comes before a court for interpretation. It is applicable only where the language used in the contract is doubtful, uncertain or ambiguous, and then only when the doubt appears on the

face of the contract and the evidence is used to dispel that doubt, not by showing that the parties meant something other than what they said, but by showing what they meant by what they said. (12 Cal. Jur.2d § 124, pp. 336-337 and cases cited.) See also *Barnhart Aircraft, Inc.* v. *Preston*, 212 Cal. 19 [297 P. 20].

██ If we assume that the trial court did consider the terms of the agreement and the surrounding circumstances and the intent of the parties, this court is bound by the general rule that a reviewing court will not substitute another interpretation, though the other interpretation seems equally tenable. (*Universal Sales Corp.* v. *California etc. Mfg. Co.* 20 Cal.2d 751 [128 P.2d 665] ; *Estate of Rule*, 25 Cal.2d 1 [152 P.2d 1003, 155 A.L.R. 1319] ; *Stevenson* v. *County of San Diego*, 26 Cal.2d 842 [161 P.2d 553].)

██ "If, however, the trial court's interpretation of a written instrument depends solely on the language of the document and no other evidence was before the court, a reviewing court is not bound by the trial court's construction, but may determine the contract's meaning as a matter of law." (12 Cal. Jur. 2d § 119, pp. 326-327.)

██ If the trial court held, as a matter of law, that the contract specifically provided that the closing date of the escrow on the remaining parcel should be extended for a period not to exceed 12 months from the date of closing, we feel the wording of the contract justifies such an interpretation, notwithstanding evidence of a contrary intent. (*Herzog* v. *Blatt*, 80 Cal.App.2d 340 [180 P.2d 30] ; *Johnston* v. *Landucci*, 21 Cal.2d 63 [130 P.2d 405, 148 A.L.R. 1355].)

██ Even though Edie had transferred his rights in the escrow to the plaintiffs prior to the escrow instructions of February 4, 1960, these escrow instructions were effective and binding between the parties to this action, under the facts shown.

Judgment affirmed. Appeal from order denying new trial dismissed.

Coughlin, J., and Brown (Gerald), J., concurred.