[Civ. No. 3553.   Second Appellate District, Division Two.—October 14, 1921.]

HELEN M. LAKE, Appellant, v. THOMAS O'BRIEN, Respondent.

[1] QUIETING TITLE — CONVEYANCE TO AVOID CREDITORS — BONA FIDE PURCHASER WITHOUT NOTICE—ESTOPPEL.—Where the owner of real property, in order to avoid her creditors taking the property to satisfy debts, deeds the property to another, such deed being recorded but not delivered to the grantee, and that grantee, for a monetary consideration, which is delivered to his grantor and never returned nor offered to be returned, conveys the property to another who has no knowledge that his immediate grantor is not the holder of the full title to the property, the former owner is estopped to maintain an action to quiet title to the property as against this latter grantee.

[2] ESTOPPEL—DEFINITION OF.—Estoppel is a rule of evidence by which a man is precluded from alleging or denying a fact, in consequence

of his own previous action, inaction, allegation, or denial which has led another to so conduct himself that if the truth were established, that other would be damaged.

[3] QUIETING TITLE—ESTOPPEL—NONSUIT—SUFFICIENCY OF MOTION.—In this action to quiet title, the defendant's motion for nonsuit, while not in terms stating that the ground of the motion was that the evidence showed that plaintiff was estopped to assert that she was the owner of the property, was sufficiently definite to inform counsel on the other side and the court that this was the basis of the motion.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. Crawford and Dorsey Whitelaw for Appellant.

C. L. Brown for Respondent.

CRAIG, J.—This action is one to quiet title. [1] The complaint was in the usual form; the answer denied plaintiff's ownership and on the trial the following facts were established in connection with the introduction of plaintiff's evidence. That she was the owner of the property from June, 1913, to October, 1914; that she deeded the property to one Creighton in October, 1914. This deed was recorded at plaintiff's request but not delivered to Creighton; that the deed was made to avoid plaintiff's creditors taking the property to satisfy debts; that while he was still the record owner, Creighton deeded the land to the defendant, and received therefor from the defendant four hundred dollars, which he immediately gave to the plaintiff and informed her of what he had done. Plaintiff kept this money and has never offered to return it. There is an absence of evidence tending to show that O'Brien had no knowledge that Creighton was not the holder of the full title to the property.

We have no doubt that upon this statement of facts the plaintiff is estopped to maintain the action. [2] Estoppel is a rule of evidence by which a man is precluded from alleging or denying a fact, in consequence of his own previous action, inaction, allegation, or denial which has led another to so conduct himself that if the truth were es-

tablished, that other would be damaged. (3 Black. Com. 308.) **[3]** But appellant contends that the defendant's motion for nonsuit was insufficient, in that the motion did not state the particular grounds upon which it was based and should therefore have been denied. Immediately after the plaintiff rested her case, defendant's counsel moved for a nonsuit in this language: "At this time we move to dismiss the action on the ground that the plaintiff has not made a *prima facie* case as to his title. He has shown that the deed was made from a man named Griffin to the petitioner and it has been conveyed away and the petitioner got the money for it and never, at any time, challenged the transaction." While not in terms stating that the ground of the motion was that the evidence showed that the plaintiff was estopped to assert that she was the owner of the property, the statement was sufficiently definite to inform counsel on the other side and the court that this was the basis of the motion. It is apparent that this was the understanding of the trial court. Before granting the motion the court concluded by saying: "I do not think that she can be heard, in this action, to claim a better title than the one in whom she has permitted the title to vest. I think the motion for a nonsuit should be granted."

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.