13947

STATE (CITY OF CHARLESTON) v. GRANT

(177 S. E., 148)

*Mr. J. C. Long* for appellant,

*Messrs. J. Waties Waring* and *B. H. Mathews* for respondent.

November 16, 1934.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE C. T. GRAYDON.

The City of Charleston passed a traffic ordinance which, among other provisions, contained the following: Section 75. "All power driven vehicles for hire will be operated by one driver who shall in no case be accompanied by any person, male or female, except as a passenger."

Julius Grant, the defendant herein, is a colored man who operates a motor vehicle for hire within the City of Charleston under license granted by the Railroad Commission of South Carolina.

Some time in August, 1932, the defendant was arrested at the corner of Henrietta and Meeting Streets by Private Atterbury of the Charleston police force, and at the time of his arrest there were two (2) colored women in the car, one who admittedly paid a fare in the sum of 14 cents; the other stated she did not pay anything. Upon this investigation being completed, Julius Grant was arrested and carried before the recorder, convicted, and sentenced to pay $5

or to serve three days at hard labor on the streets of Charleston. An appeal was taken from this verdict and judgment to the Court of General Sessions, and the appeal was dismissed; the judgment of the recorder's Court being affirmed. There were several exceptions raised by the appellant both before the circuit Judge and before this Court, but the main question to be considered by this Court is whether the section of the ordinance in question is reasonable.

If the section is reasonable, it should be sustained on the ground that it is a valid police regulation within the borders of a municipality. If the section is unreasonable, it should not be sustained.

The ordinance applies equally to all power-driven vehicles for hire. It will be seen, therefore, that it applies to taxicabs, buses, street cars, and other power-driven vehicles. Under the ordinance no power-driven vehicle can haul a person except for pay. We hold that the word "passenger" as used in this section refers to a pay passenger.

Under the ordinance an operator of a power-driven vehicle for hire could not pick up an injured person and carry such person to a hospital for treatment without violating the law. Such operator would not be able to haul his own family from place to place within the City of Charleston without coming afoul of the law, nor could he carry a friend to a moving picture show, to church, or to any other place of amusement.

In the enforcement of the ordinance there is great danger of the same being of such type and character that its enforcement would be subject to grave abuses. How could a police officer determine whether the persons riding in a car were pay passengers or not without stopping the vehicle and making inquiry? This would violate the right of persons to be secure from unlawful searches and seizures, a

salutary principle of our Constitution contained in the great Bill of Rights. Without casting any reflection upon the police force of Charleston, for we are quite sure that the same is composed of men above the average in intelligence and character, what is to prevent an overzealous officer or one who might not be so careful in the discharge of his duties from constantly stopping and investigating the taxicabs or vehicles of one person or corporation and allowing another to go unmolested? The effect of this would be to destroy the business of the one who was constantly supervised. We have no doubt that the purpose of the passage of the ordinance was good and that it was intended to correct some evil which existed in the City of Charleston, but there are some things which are more important in a constitutional government than the correction of a threatened evil in a certain community. The right of people to go about their business without being subjected to undue search and seizure, the right of people to be arrested legally only, the right of people to conduct their business without interference by the authorities of the law save and except where it is necessary, are essential to an orderly government. This section of the ordinance does not guarantee those securities which are so essential to the individual in constitutional government. It strikes at the very fundamentals of our Constitution, and is therefore unreasonable and void.

The judgment of this Court is that the judgment of the Circuit Court be reversed and that a verdict be entered in favor of the defendant in accordance with law.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.