[Civ. No. 9008. Second Appellate District, Division One.—March 5, 1935.]

EMERSON SPEAR, Appellant, v. LYMAN FARWELL, Defendant; FLORA HOWES FARWELL, Third Party Claimant and Respondent.

Charles I. Rosin and A. S. Goldman for Appellant.

Barker, Smiley & Keithly for Respondent.

EDMONDS, J., *pro tem.*—Plaintiff had judgment against Lyman Farwell in an action brought solely against him upon a promissory note. Thereafter, execution was issued and levied upon a bank account standing in the names of Lyman Farwell and Flora Howes Farwell, his wife, as joint tenants. Mrs. Farwell filed with the sheriff her third party claim to the money as being her sole property in which her husband had no interest. Upon a hearing in response to plaintiff's motion to determine title to the money, the superior court made its order finding that Mrs. Farwell was the owner of the bank deposit and releasing it from the claims and demands of the plaintiff. From this order plaintiff appeals.

Over objection of the plaintiff, Mrs. Farwell was allowed to testify that prior to 1924 she had a bank account in her own name; that in May of that year she went to the bank and asked a teller what kind of a card she and her husband could sign whereby her husband could draw on the account in the event of her death. She testified that she explained to the teller that she had quite a household to manage and she wanted it to be possible, if anything happened to her, that there would be money to run the household until her estate could be settled. Mr. Farwell was present at this conversation. Thereupon, Mrs. Farwell testified, the bank teller prepared a new signature card and deposit agreement which she and Mr. Farwell signed. According to her testimony she and Mr. Farwell signed the new "card" in the belief that it would only allow Mr. Farwell to check on the account after her death. The balance then standing to her individual credit at the bank was on the same day transferred by it to the new account.

The deposit agreement signed by Mr. and Mrs. Farwell recites "that all sums now on deposit or hereafter deposited by the undersigned, or either of them, to the credit of the undersigned with said bank in this savings account, are and shall be owned by the undersigned as joint tenants (and not as tenants in common), with full right of survivorship but be subject to order of or withdrawal by either, or the survivor of either".

The evidence shows without contradiction that all of the money standing to Mrs. Farwell's individual credit at the bank and transferred to the joint account, and also all money

thereafter deposited was income from or proceeds of Mrs. Farwell's separate property and estate owned by her before her marriage. No checks were ever drawn by Mr. Farwell on the account. Also, Mr. and Mrs. Farwell testified that during her extended absence at one time special authority was given their son to sign checks on the account, because of their understanding that Mrs. Farwell was the only one who could do so during her lifetime.

Appellant contends that parol evidence was admitted to vary the terms of a written agreement. This was neither the purpose nor the result of such evidence. The claim of Mrs. Farwell is that she entered into a contract under a mistake of law and she asked the court to find that she was the sole owner of the money in the bank account notwithstanding such contract. Our Civil Code defines a mistake of law as "a misapprehension of the law by all parties, all supposing that they knew and understood it, and all making substantially the same mistake as to the law". (Civ. Code, sec. 1578.) The evidence in this case shows a contract entered into by each of the parties under the same misapprehension as to the law. They were entitled to be relieved from the effects of such a contract. The Bank Act (Deering's Gen. Laws, 1931 Ed., Act 652, sec. 15a) provides that a deposit in the names of two or more persons as joint tenants shall, "in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding to which either such bank or the surviving depositor or depositors may be a party, of the intention of such depositors to vest title to such deposit and the additions thereto in such survivor or survivors". This particular section was considered in the case of *Hill* v. *Badeljy,* 107 Cal. App. 598, 604 [290 Pac. 637], where the court said: "The provisions of the act, we think, refer exclusively to an action where one of the parties named in the account is dead. During the lifetime of both of the depositors either one would have the right to establish the real fact, whatever it might be, with reference to the account, and would have the right to bring an action in respect thereto."

There is no principle of estoppel which would bar Mrs. Farwell's right to seek relief from her contract. "Estoppel is a rule of evidence by which a man is precluded from alleging or denying a fact, in consequence of his own

previous action, inaction, allegation, or denial which has led another to so conduct himself that if the truth were established, that other would be damaged. (3 Black Com. 308.)'' (*Lake* v. *O'Brien*, 54 Cal. App. 543 [202 Pac. 158].) There is no claim that credit was extended to the judgment creditor on any representations as to this account. Indeed, there is nothing in the record to indicate that the judgment creditor ever knew anything about it until the time of the levy of the execution. There is not the slightest evidence of any knowledge by Mrs. Farwell of the making of the note on which judgment was obtained, or of any facts in connection with it until the time of this action. She is not, therefore, estopped from showing the facts and circumstances under which the bank account was opened and continued by her.

█ The judgment creditor acquired no greater right to the funds on deposit than the judgment debtor had. Mr. Farwell having no title to any part of the money, the judgment debt creditor got nothing by his levy. ''The law is well settled that the lien of a judgment does not attach to a naked title, but only to the judgment debtor's interest in the real estate; and if he has no interest, though possessing the naked title, then no lien attaches. (*Riverdale Min. Co.* v. *Wicks*, 14 Cal. App. 526 [112 Pac. 896].) Thus a creditor who attaches property for his debt obtains a lien only upon the title or interest which the debtor has in the property at the time of the levy, and if at that time all title and interest has passed from him to a third person, the creditor gets nothing by the levy. (*National Bank of Pacific* v. *Western Pac. R. R. Co.*, 157 Cal. 573 [21 Ann. Cas. 1391, 27 L. R. A. (N. S.) 987, 108 Pac. 676].) The interest which the lien of judgment affects is the actual interest which the debtor has in the property, and a court of equity will always permit the real owner to show that the apparent ownership of another is or was not real; and when the judgment debtor has no other interest except the naked legal title, the lien of judgment does not attach. (Freeman on Judgments, 4th ed., sec. 357; Black on Judgments, 2d ed., secs. 420, 421; *Hays* v. *Reger*, 102 Ind. 524, [1 N. E. 386].)'' (*Iknoian* v. *Winter*, 94 Cal. App. 223, 225 [270 Pac. 999, 1000].)

The order is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 3, 1935.