14335

CITY OF ORANGEBURG v. FARMER

(186 S. E., 783)

Before MANN, J., Orangeburg, March, 1935.

*Messrs. Adam H. Moss, C. T. Graydon* and *Benet, Shand & McGowan,* for appellant,

144

*Messrs. Sims & Sims,* for respondent,

July 15, 1936.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

In November, 1933, the city council of Orangeburg passed an ordinance which was intended to prevent persons from soliciting the sale of merchandise by going in and upon private residences within the incorporate limits of Orangeburg. The full text of the ordinance will more clearly show its intent and purpose, and is in the following language:

"An Ordinance to Declare the Practice of Solicitors, Peddlers, Hawkers, Itinerant Merchants and Transient Vendors in Going In and Upon Private Residences for the Purpose of Soliciting Orders or for Selling or Disposing of Goods, Wares and Merchandise Without Being Requested or Invited to do so, a Nuisance and to Provide Penalties for Anyone Perpetrating Such a Nuisance.

. "Be it Ordained by the Mayor and Councilmen of the City of Orangeburg, in council assembled, and by Authority of the same:

"Section 1. The practice of going in and upon private residences in the City of Orangeburg, South Carolina, by solicitors, peddlers, hawkers, itinerant merchants and transient vendors of merchandise, not having been requested or invited so to do by the owner or owners, occupant or occupants of said private residences, for the purpose of soliciting orders for the sale of goods, wares and merchandise, and/or for the purpose of disposing of and/or peddling or hawking the same is  hereby declared to be a nuisance and punishable as such nuisance as a misdemeanor.

"Section 2. The Chief of Police and the police force of the City of Orangeburg are hereby required and directed to suppress the same, and to abate any such nuisance as is described in the first section of this ordinance.

"Section 3. Any person convicted of perpetrating a nuisance as described and prohibited in the first section of this ordinance, upon conviction thereof before the Recorder, or acting Recorder, shall be fined not more than One Hundred ($100.00) Dollars, or imprisoned for not more than thirty (30) days, with or without labor on the public works.

"Section 4. All ordinances and parts of ordinances in conflict with this ordinance are hereby repealed."

Appellant is a salesman for the Fuller Brush Company, and conducts his business in towns and cities by soliciting orders from house to house, and was admittedly so engaged in the City of Orangeburg at the time he was arrested by a police officer of said city for a violation of the ordinance hereinabove set forth. According to the testimony, the agent of the Fuller Brush Company, in this case appellant, takes orders at the private residences of persons, transmits these orders to Atlanta, Ga., where the goods required are sent to the agent by mail, and are by the agent delivered to the persons giving the orders (customers) and collection of the purchase price made.

On January 8, 1935, the appellant was engaged at his occupation as a salesman for the Fuller Brush Company, and, according to the undisputed testimony, and in fact, the admission of the appellant, had solicited at several private residences to make sales of merchandise, and while so engaged was arrested by said police officer. He was thereafter, on March 7, 1935, tried and convicted in the Recorder's Court of the City of Orangeburg, and sentenced by the Recorder to pay a fine of $10.00, or serve 10 days in jail.

An appeal was had from this judgment to the Court of General Sessions for Orangeburg County and Honorable

Marvin M. Mann, presiding Circuit Judge, on February 18, 1936, passed an order holding that the ordinance in question was reasonable and valid as a matter of law, and was within the corporate powers of the City of Orangeburg to enact. Thus the appeal from the conviction in the Recorder's Court was dismissed, and, from this judgment of the Court of General Sessions, an appeal was taken to this Court.

The exceptions are twelve in number, and in the printed brief of appellant, it is stated that the "questions involved" are:

"1. Is the ordinance in question a reasonable exercise of the power conferred upon the municipality?

"2. Does the ordinance come within a valid and reasonable exercise of the police power of the City of Orangeburg?

"3. Is the ordinance violative of the constitutional guarantees of the State and Federal Constitutions?

"4. Under the testimony can a conviction be sustained under the ordinance in question?

"5. Does the ordinance violate the commerce clause of the Constitution of the United States?

"6. Should the ordinance be declared void because of economic conditions?"

We will not discuss the "questions involved" separately, since we agree with appellant that the first four questions may well be considered together.

There is very little, if any, dispute about the facts in the matter. If the ordinance is a valid and reasonable exercise of the general power vested in towns and cities under our law, then appellant is clearly guilty, and the judgment and sentence is warranted. But if the ordinance is unreasonable as defined by this Court, or if it contravenes any of the constitutional provisions invoked in this appeal, then the conviction and judgment should be reversed. Our inquiry, therefore, will be directed to the question as to the validity of the ordinance under the decisions of our Courts.

As hereinabove stated, there are twelve exceptions to the rulings of the Circuit Court, which raise many grounds challenging the validity of the ordinance, and these exceptions have been reduced to six questions; but there is no necessity to dispose of the exceptions separately for there are certain clearly defined underlying principles which govern the cause.

The first inquiry: Is the ordinance in question reasonable?

The decisions in our state for a long period adhered to the rule that the question of reasonableness or unreasonableness of an ordinance was entirely for the legislative body enacting it, and only when the same was clearly in conflict with some constitutional or statutory inhibition would the same be declared void. Among the decisions which set forth this rule, are *City Council of Charleston v. Ahrens,* 4 Strob., 241, 15 S. C. reprint, 126; *City Council of Charleston v. Wentworth St. Baptist Church,* 4 Strob., 30, 15 S. C. reprint, 160.

New conditions gave rise to new problems of government, and it was in later years found that such rule would not stand the test of modern civilization. By the exercise of such arbitrary power the municipalities of the state could in effect deny citizens substantial rights, which are necessary in many cases, to the preservation of life and liberty, and, in practically all cases, to the pursuit of happiness. This Court, mindful of these changed and changing conditions, in the case of *City of Columbia v. Alexander,* 125 S. C., 530, 119 S. E., 241, 243, 32 A. L. R., 746, held that where an ordinance of a city attempted to prevent one from engaging in a lawful and legitimate occupation, that such ordinance could be challenged on the ground that it was unreasonable, and therefore void. Mr. Justice Cothran, writing the opinion of the Court in *City of Columbia v. Alexander, supra,* in his usual able style, discussed quite a number of cases having to do with ordinances of cities, heretofore passed upon by this Court, and with reference to the statement in the

opinion in the case of *Town of Darlington v. Ward,* 48 S. C., 570, 26 S. E., 906, 38 L. R. A., 326, "Nor can any ordinance of a municipal corporation, within the power conferred by the Legislature, and not in conflict with the laws and constitution of the state, be impeached in a Court for unreasonableness," had this to say:

"However broad the statement contained in the *Darlington v. Ward case* may be considered, the opinion clearly foreshadows the conclusion subsequently reached by the Court: That the unreasonableness of an ordinance may be so great as to violate constitutional privileges. *State v. Earle,* 66 S. C., 194, 44 S. E., 781. *Thomasson v. Southern Railroad,* 72 S. C., 1, 51 S. E., 443.

"It cannot be denied that the enforcement of the ordinance will seriously impair, if not destroy, the defendant's lawful business. Upon its face that appears to have been the purpose of the ordinance."

This doctrine was reaffirmed in the case of *Huffman et al. v. City of Columbia et al.,* 146 S. C., 436, 144 S. E., 157. These two cases both deal with transportation in the City of Columbia, but clearly demonstrate the turn of modern decisions in connection with matters of construction of municipal ordinances.

We find the Court applying this principle to other situations which are equally as vital to the welfare of the citizens of the state, and in the case of *Henderson v. City of Greenwood,* 172 S. C., 16, 172 S. E., 689, the Court holds invalid an ordinance of Greenwood which forbade the erection of a structure within 20 feet of any railroad crossing within the city limits. In that case, Honorable W. C. Cothran, Acting Associate Justice, goes fully into the question of the right of this Court to declare an ordinance unconstitutional on the ground that the same is unreasonable, and firmly imbeds this principle in our law.

The doctrine is further reiterated in the case of *State*

*(City of Charleston) v. Grant,* 174 S. C., 195, 177 S. E., 148.

We shall, therefore, attempt to apply the test of reasonableness to the ordinance in question. The ordinance declares that the mere soliciting of the sale of merchandise in and upon private residences is a nuisance, and levies a penalty upon such facts shown. The penalty is not based upon the conduct of the salesman, nor is the. same based upon any valid shown reason of protecting the public health, nor is any other fact required save and except an act which in itself is legitimate.

The appellant offered considerable testimony to the effect that such solicitation is not a nuisance. He showed that the salesmen were almost without exception courteous and well-mannered: that numbers of persons desired this method of sale; that it was not a menace to the public health; that large numbers of persons over the United States made a livelihood in this fashion; that it was highly impracticable to sell certain useful articles by any other method; and that on the whole there was no logical or valid reason for the ordinance in question. The ordinance was passed by the city council of Orangeburg at the request of the Retail Merchants Association of that city, and not by reason of the complain of householders. In fact, the matter of the passage and enforcement of the ordinance does not appear to have been of import to the citizens generally of respondent, and when appellant was arrested, it was not upon the complaint of any citizen so far as the record discloses.

The occupation of soliciting orders from house to house is a lawful one when conducted in a proper manner. The ordinance does not attempt to differentiate between salesmen who conduct themselves properly and those who do not. The ordinance does not require a license, evidence of good character, a medical inspection of salesmen, or other safeguards which might protect the people, but simply and boldly declares a lawful occupation a nuisance.

Measured by the standards laid down in this Court, the ordinance is unreasonable, unconstitutional on this ground, and void.

There is a further grave question as to whether the ordinance does not interfere with interstate commerce, especially under the facts of the particular case being decided, but there is no necessity under our view to consider this question.

The judgment of the Circuit Court is reversed, and the appellant dismissed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE CARTER did not participate.