16732

MOSS v. SOUTH CAROLINA STATE HIGHWAY
DEPARTMENT
(75 S. E. (2d) 462)

*Messrs. Moss & Moss,* of Orangeburg, *for Appellant,*

*Messrs. T. C. Callison, Attorney General,* and *James S. Verner, Assistant Attorney General,* of Columbia, *for Respondent,*

April 13, 1953.

BAKER, Chief Justice.

Injunctive relief is the sole relief sought in this action.

The complaint alleges, among other things, that the appellant owns a lot in the City of Orangeburg upon which there is situated a large and valuable residence; that she has expended large sums of money having the said lot landscaped and that the property has little value for purposes other than residential purposes. That the respondent has announced plans for and is threatening to relocate U. S. Highway No. 301 through the City of Orangeburg and has laid out and staked off a right-of-way therefor ninety feet wide which will require the opening of a new street just north of appellant's lot, which will run approximately parallel to its northern boundary, the said right-of-way being five feet from the northeastern corner of appellant's lot and six and one-half feet from the northwestern corner. That U. S. Highway No. 301 is one of the principal north and south highways of the United States lying east of the Appalachian Mountains and carries a very large amount of traffic of all types, including,

but not limited to, very heavy gasoline and diesel trucks and vans, all of which traffic creates loud and disagreeable noises and emits noisome and noxious smokes and odors, and that many of the said trucks carry foul smelling cargoes. That appellant's lot is so situated near the top of a grade that the vehicles which will pass along the said highway will be making the maximum amount of noise and emitting the maximum smokes, odors and fumes in close proximity to appellant's said property which will directly and injuriously affect her property and its value and will so depreciate its value far in excess of the sum of $10,000.00. That the respondent has no authority in law to condemn appellant's property and intends to take her property for highway purposes without making any attempt to condemn the same and without compensating appellant therefor. That if the respondent is permitted to carry its plans and threats into effect and relocate the said highway as it is now threatening to do, the said relocation will result in the taking of appellant's property for public use, for the prevention of which she has no adequate remedy at law, and the appellant will be deprived of her property without just compensation being first made therefor, in violation of Article I, § 17, of the Constitution of South Carolina, and if the said plans are carried into effect appellant will be deprived of her property without right or authority and without due process of law, in violation of Article I, § 5, of the Constitution of South Carolina and of the Fourteenth Amendment of the Constitution of the United States.

The appellant then alleges that the respondent has not commenced the actual construction of the said highway, nor has it let any contracts for the construction or purchased any rights-of-way therefor. The complaint further alleges that the appellant will be irreparably injured and damaged, for the prevention of which she will have no adequate remedy at law, and the respondent should be permanently enjoined from relocating the highway along the route now staked out lying just north of appellant's property and during the pend-

ency of the action the respondent should be temporarily so enjoined. Affidavits of James M. Albergotti, S. C. Fair and James M. Brailsford were attached to and served with the complaint in support thereof.

A rule to show cause required respondent to appear before the Court on November 17, 1952, and show cause why a temporary injunction should not be granted.

In due time the respondent filed a combination return and answer which admitted certain allegations of the complaint, denied others and raised certain legal issues. The legal issues raised were, (1) that the complaint fails to state a cause of action against respondent in that the facts alleged show that any injury suffered by the appellant, if there be such injury, which was denied, is not compensable under the law, being *damnum absque injuria;* and (2) that the complaint failed to allege facts entitling the appellant to any injunctive or restraining process, since the appellant has an adequate remedy at law, if she has any remedy at all, by way of an action at law for damages or the unconstitutional taking of her property, and not by way of injunction.

On the return day, the Honorable J. Henry Johnson, Presiding Judge, heard argument on the return to the rule and by order dated December 9th, 1952, refused to grant a temporary injunction. Thereafter due notice of intention to appeal to this Court was served and the case is now here on exceptions charging Judge Johnson with error in refusing to grant a temporary injunction.

The first observation we would make is that appellant's complaint is somewhat contradictory in that it alleges the lack of authority in law for the respondent to condemn her property, and then complains "that the defendant (respondent) intends to take her property * * * *without making any attempt to condemn the same"* (emphasis added), and without compensating her therefor.

So far as compensating appellant for her property at this stage, we are not informed of any authority of law which would enable the respondent, an agency

of the State, to offer the appellant any compensation. Whether the appellant will ever become entitled to compensation for the "taking" of her property will have to arise in some future action, dependent upon the building of the highway at the place here involved, and the construction the Court places on the word "taken" as used in the Constitution, although this Court has thus far, on the facts then before the Court, so construed the word "taken" as to include the word "damaged." *Chick Springs Water Co. v. State Highway Department*, 159 S. C. 481, 157 S. E. 842; *Milhous v. State Highway Department*, 194 S. C. 33, 8 S. E. (2d) 852, 128 A. L. R. 1186, and other cases not necessary to cite. As is stated in *Gasque v. Town of Conway*, 194 S. C. 15, 8 S. E. (2d) 871, 873:

"Property in a thing consists not merely in its ownership and possession, but in the unrestricted right of use, enjoyment, and disposal. Anything which destroys one or more of these elements of property to that extent destroys the property itself. It must be conceded that the substantial value of property lies in its use. *Henderson v. City of Greenwood*, 172 S. C. 16, 172 S. E. 689. * * *

"The constitutional prohibition against taking private property for public use without just compensation must have been intended to protect all the essential elements of ownership which make property valuable, including, of course, the right of user, and the right of enjoyment."

In none of the cases above cited was there a physical invasion of the property itself.

The nuisance complained of is not the manner in which the highway will be constructed, but the use to which it will be subjected. In other words, the location of the highway to the rear of appellant's property does not *per se* depreciate the value of her residential property, but that the traffic which this highway will accommodate, and which will pass thereover, will depreciate the value of her property. However, it has been determined by respondent, the agency of the State charged with the location, building and mainte-

nance of its highway system, that Highway 301 should be relocated through or around Orangeburg, and of course, wherever it is relocated, it will have to be constructed to the front, the rear or the side of someone's property. There is no allegation in the complaint that the relocation determined by the respondent is either arbitrary or unnecessary.

It may be that any damages suffered by appellant will be *damnum absque injuria,* as being the same suffered in common by all others whose homes are in close proximity to this highway, but, if not, and we now express no opinion thereabout, then she had a legal remedy in an action in damages to determine the extent thereof, and collect therefor. In either event, and on the facts of this case as disclosed by the present record, she is not entitled to temporary injunctive relief.

As stated by Judge Johnson in his order refusing a temporary injunction, it is a serious matter to enjoin the construction of great public works without a strong showing by the complainant, establishing, *prima facie,* a clear right to such injunction; and the burden is upon the plaintiff (appellant) to make such a showing.

The order appealed from is affirmed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.