17272

MRS. M. L. PAINTER, Respondent, v. TOWN OF FOREST ACRES, Emmette Groover, Mayor, and Joe E. Thomas, Clerk, Appellants

(97 S. E. (2d) 71)

*Messrs. Edens & Woodward,* of Columbia, *for Appellants,*

*John W. Sholenberger, Esq.,* of Columbia, *for Respondent,*

March 14, 1957.

TAYLOR, Justice.

This appeal presents the question of whether or not the hereinafter referred to ordinance of the Town of Forest Acres is a valid exercise of its police power or so unreason-

able as to be violative of Article 1, Sections 5 and 17 of the Constitution of South Carolina, 1895, and Section 1 of the 14th Amendment of the Constitution of the United States.

The ordinance questioned reads as follows:

"An Ordinance to Regulate Business Hours within The Town of Forest Acres, South Carolina.

"Whereas, the zoning ordinance which has been in effect in the Town of Forest Acres for many years provides that certain types of businesses may be carried on within four use districts described in the zoning ordinance, which use districts comprise about thirty per cent of the total area of the town, and

"Whereas, about eighty per cent of the business establishments within the town are located within two of the use districts wherein business is permitted and in these two use districts there are now more residences in the said districts than business establishments, and

"Whereas, the area of the town not in the four use districts heretofore referred to (about seventy per cent) is zoned for residential purposes only, and

"Whereas, the noise of automobile traffic, other noises, lights, etc., attendant in the usual course of carrying on a business where the public is being served constitute a nuisance and disturb the peace and rest of many of the residents of the town, and

"Whereas, no useful purpose is served the Town of Forest Acres or the residents thereof by some businesses operating late in the night; now, therefore, be it ordained by the Mayor and Town Council of the Town of Forest Acres, South Carolina, as follows:

"Section 1: It shall be unlawful for any person, firm or corporation to operate or keep open for the purpose of operating any business of any kind anywhere within the Town of Forest Acres during the hours between Midnight (twelve o'clock) and Six o'clock in the morning.

"Section 2: For the purpose of allowing all customers entering establishments prior to midnight to be served a

period of fifteen minutes (until 12:15 a. m.) shall be allowed for the management of a business establishment to complete the transactions in progress and clear from his premises all patrons. An establishment permitting people to remain in the building used for the business operation or on the premises outside the building and keeping lights burning thereabouts after 12:15 o'clock a. m., shall be deemed guilty of violating Section 1 of this Ordinance.

"Section 3: The sale and/or delivery of drugs in emergency situations shall be exempt from the provisions of this ordinance.

"Section 4: Any person, firm or Corporation, upon being convicted of violating this ordinance, shall be punished by fine of not more than $100.00 or imprisonment, for not more than 30 days for each offense, and each day that the violation exists shall be a separate offense.

"Section 5: This ordinance shall become effective at Midnight (12:00 o'clock) on the 15 day of February, 1955.

"Section 6: Any ordinance or parts of ordinances in conflict herewith are hereby repealed.

"Section 7: If any section, sentence, clause or phrase of this ordinance is for any reason held to be unconstitutional, such decision shall not affect the validity of the remaining portions of this ordinance.

"Done, ratified and passed by Forest Acres Town Council in session assembled this 22 day of December, 1954."

Respondent brought her action in the County Court for Richland County; and, at the same time, a rule to show cause and a temporary restraining order were issued. The matter was thereafter referred to the Master for Richland County under a general order of reference, who, after taking testimony on the merits, duly rendered his report in which he found against the Town on the merits and that the ordinance heretofore related requiring respondent's business to close at 12 o'clock at night would result in the loss of fifty per cent of respondent's business after 11 o'clock at night and "is clearly an invalid exercise of police powers" and

concluded "that the hours of closing, as set forth in the ordinance, as they relate to Respondent's business, are unconstitutional and violative of Article 1, Sections 5 and 17 of the Constitution of South Carolina," and recommended that "defendant (appellant) be permanently enjoined from enforcing such ordinance." This report was affirmed by the Judge of Richland County Court both as to law and facts and made the order of that Court.

Respondent's place of business is a drive-in restaurant of long standing and many dwellings have been built nearby. There is also located in the Town a hardware store, one photo supply store, one construction company, one building and loan association, one barber shop, one radio and T. V. shop, one life insurance company, one beauty parlor, and one golf course; also, two laundry and dry cleaning establishments, two drugstores, three drive-in restaurants, four service stations, and six grocery stores, all of which have complied with the provisions of the ordinance except respondent.

While the findings of the Master are concurred in by the Judge upon the merits, it is unnecessary for a determination of this appeal for us to discuss this feature of the case as we are of the opinion that the ordinance heretofore referred to, including as it does business as well as residential areas, is void and in contravention of Article 1, Sections 5 and 17 of the Constitution of South Carolina. A municipal corporation cannot make a business a nuisance by merely declaring it to be such. *Morrison v. Rawlinson*, 193 S. C. 25, 7 S. E. (2d) 635; and property consists not merely in its ownership and possession but an unrestricted right of use, enjoyment, and disposal. Anything which destroys one or more of these elements to that extent, destroys the property itself. It must be conceded that the substantial value of property lies in its use, *Henderson v. City of Greenwood*, 172 S. C. 16, 172 S. E. 689; *Gasque v. Town of Conway*, 194 S. C. 15, 8 S. E. (2d) 871.

The enforcement of an ordinance to require all business to close at 12 midnight will seriously impair, if not destroy, many lawful businesses and is so unreasonable as to violate the owners' Constitutional privilege; in fact, upon its face, the ordinance in question appears to be directed at respondent with this purpose in mind and analogous to the situation in *Town of Darlington v. Ward*, 48 S. C. 570, 26 S. E. 906, 38 L. R. A. 326; see, also, *City of Orangeburg v. Farmer*, 181 S. C. 143, 186 S. E. 783; *City of Columbia v. Alexander*, 125 S. C. 530, 119 S. E. 241, 32 A. L. R. 746, and cases cited therein; *Huffman v. City of Columbia*, 146 S. C. 436, 144 S. E. 157; *Henderson v. City of Greenwood, supra; State v. Grant*, 174 S. C. 195, 177 S. E. 148; *Fincher v. City of Union*, 186 S. C. 232, 196 S. E. 1.

We are of the opinion that the order appealed from should be affirmed, and it is so ordered. Affirmed.

STUKES, C. J., OXNER and MOSS, JJ., and G. DUNCAN BELLINGER, Acting Associate Justice, concur.