**In re Wanda Claudine RILEY, Debtor.**

**Robert WALDMAN, trustee in bankruptcy, Plaintiff,**

**v.**

**Wanda Claudine RILEY and Avah Lane, Defendants.**

**Bankruptcy No. 81–00409 M R.**

**Adv. No. 81–0686.**

United States Bankruptcy Court, D. New Mexico.

May 10, 1982.

Robert I. Waldman, Roswell, N. M., for plaintiff.

Daniel J. Behles, Albuquerque, N. M., for defendants.

**1018**

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court January 15, 1982, on Trustee's Complaint to Bring Property into the Bankruptcy Estate. Plaintiff and defendants have stipulated to the following facts:

1. The debtor's mother, Avah Lane, resides at 4782 East Simpson Street, Fresno, California.

2. The residence was purchased entirely with proceeds from a condemnation sale of Mrs. Lane's former residence, in which the debtor had no interest.

3. At the time of the purchase of the residence at 4782 East Simpson Street, Fresno, California, defendant Lane was in poor health and sought to facilitate the eventual probate of her estate by naming her only daughter, the debtor, as a joint tenant, thus allowing the residence to pass directly to the daughter upon Mrs. Lane's death.

4. At the time of execution of the deed to the property at 4782 East Simpson Street, Fresno, California, Mrs. Lane had no present intention of conveying any present interest in the property to her daughter. Neither Mrs. Lane or Wanda Riley believed that Ms. Riley was given any interest in the property when the deed was recorded, and neither party believed that Wanda Riley had any present interest in the property.

Plaintiff contends that the debtor has all legal and equitable interest of a joint tenant and that he, as trustee, should be allowed to sell that interest and distribute the proceeds to the creditors. The defendants argue that the debtor has no legal or equitable interest in her mother's residence and that the relief sought should be denied.

This Court finds as follows:

11 U.S.C. § 541 provides that property of the estate includes all legal and equitable interests of the debtor in property as of the commencement of the case. § 70 of the Bankruptcy Act, which this section (§ 541) replaced, provided that, when so recognized by the local jurisdiction, the interest of joint tenancy is subject to execution and separate sale under the jurisdiction of the bankruptcy court. *Mangus v. Miller*, 317 U.S. 178, 63 S.Ct. 182, 87 L.Ed. 169 (1942), reh'g denied, 317 U.S. 712, 63 S.Ct. 432, 87 L.Ed. 567 (1943). Accordingly, the exact issue before this Court is whether a judgment lien creditor in California, in whose shoes the trustee stands by virtue of 11 U.S.C. § 544, could execute on the property in question by virtue of the joint tenancy stated on the face of the deed.

█ It is clear that a judgment lien attaches only to the actual interest which a debtor has in property. *Wilkinson v. Wilkinson*, 124 Cal.Rptr. 870, 51 Cal.App.3d 382 (1975), *Anderson v. Southern Pac. Co.*, 70 Cal.Rptr. 389, 264 Cal.App.2d 230 (1968), *Russell v. Lescalet*, 56 Cal.Rptr. 399, 248 Cal.App.2d 310 (1967). It follows that where there is naked title with no equitable interest, there is no usable interest to which the judgment lien may attach. *Riverdale Mining Co. v. Wicks*, 14 Cal.App. 526, 112 P. 896 (1910); *Parsons v. Robinson*, 206 Cal. 378, 274 P. 528 (1929); *Spear v. Farwell*, 5 Cal.App.2d 111, 42 P.2d 391 (1935).

Plaintiff argues that the *Parsons* decision, *supra*, requires this Court to find that Wanda Riley possessed a joint tenancy with all applicable interests. However, in that case, the property was transferred by the husband to wife specifically so that the wife could act as his bail bondsman, which by definition required that she have more than naked legal title. *Parsons v. Robinson, supra*, 274 P. at 530.

More factually on point, however, is *Spear v. Farwell, supra*. In that case, the wife was concerned that, upon her death, her husband be able to obtain funds to run her household until her estate could be settled. To that end, she opened a savings account and both she and her husband signed the deposit agreement which named them as joint tenants with rights of survivorship, the account being subject to withdrawal by either. The evidence in that case showed that all the money deposited in the account was the wife's separate property, that the husband never made withdrawals from the account, and that both the hus-

band and wife believed that the husband had no rights in the funds in the account unless and until the wife died. *Id.* 42 P.2d at 392. The Court in *Spear* went on to point out that there was nothing in the record to suggest that credit was extended to the husband on the basis of the account or that the judgment creditor knew about the account. Based on these facts, the Court found that the husband held only naked title and that a judgment lien could not attach. The court affirmed the district court, which found that the wife was the owner of the account and released the account from the creditor's claim.

The facts in the case before us are very close to those in *Spear*. All of the funds used to purchase the residence in question were Mrs. Lane's separate property. Both she and her daughter believed that her daughter's name appeared on the deed simply to facilitate probate upon Mrs. Lane's death, and neither believed that the debtor had any interest in the property at the time of the filing of the deed or at any time prior to Mrs. Lane's death. Also important is the failure of the record to suggest that any credit was extended to the debtor upon a representation by her that she had any interest in the property.

This Court finds that defendant Wanda Claudine Riley has no interest in the residence at 4782 East Simpson Street, Fresno, California, other than naked title, and that since in California a judgment lien against the debtor could not attach to the property, the trustee's status as the ideal judgment lien creditor gives him no right or interest in the property. The trustee's Complaint to Bring Property into the Bankruptcy Estate will be dismissed with prejudice.