In re CAUDY CUSTOM BUILDERS, INC., Debtor.

Kevin CAMPBELL, Trustee, Plaintiff,

v.

Robert BOLEN and Joseph A. Barrett, Jr., Defendants.

Bankruptcy No. 81–01764.
Complaint No. 82–0373.

United States Bankruptcy Court, D. South Carolina.

March 25, 1983.

The matter is before the court on the trustee's motion for summary judgment.

## FACTS

The debtor, Caudy Custom Builders, Inc. (Caudy), a general contractor, on May 30, 1981, purchased land in Beaufort County known as Lot 11 Barony West Extension and entered into a joint venture agreement with the defendant Joseph A. Barrett, Jr. (Barrett). The deed which granted Caudy fee simple absolute title was recorded on June 3, 1981 with the clerk of court of Beaufort County.

On June 9, 1981 Caudy purchased another parcel of real property in Beaufort County, known as lot 85, Moss Creek Plantation. On July 7, 1981, the deed which granted Caudy fee simple title was recorded in Beaufort County, and Caudy entered into a joint venture agreement with the defendant Robert Bolen (Bolen).

The Barrett joint venture agreement states that Barrett will provide financing in the amount of $40,000 to develop lot 11 in return for a portion of the profits upon its sale. The Bolen joint venture agreement states that Bolen will provide financing in the amount of $25,000 to develop lot 85 in return for a portion of the profits upon its sale. Both agreements recite that "[l]egal title to the property shall be held by the Contractor [Caudy] as nominee of and for the benefit of the joint venture." Neither agreement was recorded in Beaufort County. Nor was there any mention in either deed to Caudy that the property was being held in trust for the joint venture.

On October 7, 1981, Caudy executed a mortgage to Barrett on lot 11, and a mortgage to Bolen on lot 85. Each mortgage was recorded in Beaufort County on October 9, 1981 and each provides that it was given for no less than the amount of the mortgagee's investment pursuant to the joint venture agreement. The recorded mortgages gave the first mention in public records of the joint venture agreements.

H. Flynn Griffin, Walterboro, S.C., for plaintiff.

A.R. Grant Morehouse, Hilton Head Island, S.C., for defendant Bolen.

Otto W. Ferrene, Jr., Hilton Head Island, S.C., for defendant Barrett.

## ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

In this adversary proceeding the trustee seeks to avoid transfers to the defendants as preferential under 11 U.S.C. § 547(b).[1]

1. Further references to sections of the 1978 Code will omit the identically numbered section of Title 11, United States Code.

8

Victor Caudy, the president of Caudy, wrote Bolen a letter, dated October 16, 1981, that a mortgage to him had been recorded, and said:

Because of the economy Caudy Custom Builders will not be starting any new houses and will only finish existing houses.

In order to protect your investment in our joint venture we have had recorded a first mortgage in the amount of $25,000 at 14% interest on lot 85 Moss Creek Drive.

On November 24, 1981 an involuntary petition for relief under Chapter 7 of the Bankruptcy Code was filed against Caudy. An order for relief was entered.

To preserve the assets of the estate, the trustee, pursuant to the order of this court, sold lot 11 free and clear of the liens upon the property, and is holding the proceeds. *Campbell v. Bank of Beaufort (In re Caudy Custom Builders, Inc.),* Case No. 81–01764, Complaint No. 82–0812 (Bkrtcy.D.S.C.1982). This court ordered that the liens on lot 11, including the mortgage held by Barrett, attach to the proceeds of the sale in the same manner and priority as they were attached to the real property. The trustee seeks to avoid Barrett's lien on those proceeds.

Lot 85 has not been developed nor sold by the trustee who seeks to avoid Bolen's mortgage thereon.

## DISCUSSION AND CONCLUSION

To prevail in this action the trustee must prove *all* the elements of a preference set out in § 547(b).[2] *In re The Music House,* 11

B.R. 139, 141 (Bkrtcy.D.Vt.1980); *Brown v. Callaway Bank (In re Meritt),* 7 B.R. 876, 879 (Bkrtcy.W.D.Mo.1980).

■ The most basic element is that there was a "transfer of property of the debtor." Not proving this requirement, the trustee's § 547(b) action will fail. Recording a mortgage on real property is a transfer as that term is defined in § 101(40).[3] *See,* 4 *Collier on Bankruptcy,* ¶ 547.14 at 547–48 (15th ed. 1982). The trustee argues that because title to the property is in Caudy's name, it is "property of the debtor."

■ The defendants contend, however, that the property transferred was property of the joint venture, rather than property of the debtor.

The Uniform Partnership Act (U.P.A.), as enacted in South Carolina, provides: "All property brought into the partnership stock or subsequently acquired by purchase or otherwise, *on account of* the partnership is partnership property." (Emphasis added). S.C.Code § 33–41–230(1) (1976).

The mortgages which the trustee seeks to avoid cover property brought into the partnership "on account of" the partnership, in fact, the joint venture agreements center around the mortgaged realty, in that: (1) the joint ventures are named after the respective properties; (2) the agreements state that "[l]egal title to the property shall be held by Contractor [Caudy] as nominee of and for the benefit of the joint venture"; (3) the defendants/partners provided the capital to purchase the properties.

Since the property is partnership property there could be no "transfer of Caudy's

2. § 547(b): Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—(1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made—(A) on or within 90 days before the date of the filing of the petition; or (B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer— (i) was an insider; and (ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and (5) that enables such

creditor to receive more than such creditor would receive if—(A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

3. § 101(40): 'Transfer' means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest.

property" and the trustee may not avoid the transfer under § 547(b). Because the trustee may not avoid the transfer, he may not recover the property under § 550(a)[4], therefore, the property does not become "property of the estate" pursuant to § 541(a)(3)[5].

A mortgage given by a partnership on its property is not affected by a subsequent petition for relief filed by or against one of the individual partners. *McNair v. McIntyre,* 113 F. 113 (4th Cir.1902); *In re Sanderlin,* 109 F. 857 (E.D.N.C.1901); 4 *Collier on Bankruptcy* ¶ 547.11 at 547–39 n. 2 (15th ed. 1982).

The presence of the partnership here completely changes Caudy's position with respect to the property. A partnership is a legal entity separate from its partners. *Liberty Nat'l Bank v. Bear,* 276 U.S. 215, 48 S.Ct. 252, 72 L.Ed. 536 (1928); *Turner v. Central Nat'l Bank,* 468 F.2d 590 (7th Cir. 1972); *Dominican Fathers of Winona v. Dreske,* 25 B.R. 268 (Bkrtcy.E.D.Wis.1982); *Aboussie Bros. Construction Co. v. United Missouri Bank of Kirkwood,* 8 B.R. 302, 3 C.B.C.2d 684, 7 B.C.D. 309 (D.C.E.D.Mo. 1981).

The partnership bestows rights upon a partner in specific partnership property, S.C.Code § 33–41–710(1) (1976), such rights being in the nature of a "tenancy in partnership." S.C.Code § 33–41–720(1) (1976). This tenancy gives a partner "an equal right with his partners to possess specific partnership property *for partnership purposes* but he has no right to possess such property for any other purpose without the consent of his partners . . . ." (Emphasis added). S.C.Code § 33–41–720(2)(a) (1976). After an accounting and payment of part-

nership liabilities from the partnership property, the only interest that Caudy's trustee has in the partnership property "is the right to demand and receive the individual partner's interest, if any . . . ." *Turner v. Central Nat'l Bank, supra,* at 591; *Dominican Fathers of Winona v. Dreske, supra,* at 271.

The trustee argues that Caudy's legal title to the property vests Caudy with actual ownership of the land and the partnership only with an equitable interest in the property. This position is untenable.

Property consists not merely of ownership and possession, but of the right of use, enjoyment and disposal. *Painter v. Town of Forest Acres,* 231 S.C. 56, 97 S.E.2d 71, 73 (1957); *Moss v. South Carolina State Highway Dept.,* 223 S.C. 282, 75 S.E.2d 462, 464 (1953); *see, Waldman v. Riley,* 19 B.R. 1017, 9 B.C.D. 222 (Bkrtcy.D.N.M.1982); *Don Mark Partnership v. James B. Nutter and Co.,* 14 B.R. 830 (Bkrtcy.D.Colo.1981). The only right of use, enjoyment and disposal that Caudy has in the property exists within the partnership agreement and the U.P.A. S.C.Code §§ 33–41–720(1), *supra;* 33–41–1060[6] (1976).

## ORDER

It is, therefore, ORDERED, ADJUDGED AND DECREED that the trustee's motion for summary judgment to avoid the mortgages given by Caudy Custom Builders, Inc., to Robert Bolen and Joseph A. Barrett, Jr. is denied.

---

4. § 550(a): Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549 or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee.

5. § 541(a): The commencement of a case under section 301, 302 or 303 of this title creates

an estate. Such estate is comprised of all the following property, wherever located: . . . (3) Any interest in property that the trustee recovers under section 543, 550, 553, or 723 of this title.

6. S.C.Code § 33–41–1060 (1976): *In settling accounts between the parties after dissolution the following rules shall be observed, subject to any agreement to the contrary . . . .* (Emphasis added).