**In re CARDINAL INDUSTRIES, INC., Debtor.**

**And Substantively Consolidated Entities.**

**Jay ALIX, Trustee, Plaintiff,**

**v.**

**SUITT CONSTRUCTION CO., INC., a South Carolina Corporation Defendant.**

**Bankruptcy No. 2–89–02779.**

**Adv. No. 2–91–0200.**

United States Bankruptcy Court, S.D. Ohio, E.D.

March 5, 1992.

William J. Valliencourt, Jr., Charles Taunt & Associates, Birmingham, Mich., for plaintiff Jay Alix, Trustee of Cardinal Industries, Inc.

Todd R. Marti, Schottenstein, Zox & Dunn, Columbus, Ohio, for Suitt Const. Co.

Jay Alix, Jay Alix & Associates, Southfield, Mich., Chapter 11 Trustee.

Michael L. Cook, Sally M. Henry, Skadden, Arps, Slate, Meagher & Flom, New York City, Marilyn Shea–Stonum, Jones, Day, Reavis & Pogue, Columbus, Ohio, Co–Counsel to trustee.

Charles M. Caldwell, Asst. U.S. Trustee, Columbus, Ohio, Columbus Office of the U.S. Trustee for Region IX.

Leon Friedberg, Benesch, Friedlander, Coplan & Aronoff, Columbus, Ohio, for the Official Committee of Unsecured Creditors.

Harvey S. Minton, Minton & Leslie, Columbus, Ohio, Charles J. Taunt, Charles J. Taunt & Associates, Birmingham, Mich., Gary H. Cunningham, Kramer Mellen, P.C., Southfield, Mich., Special Counsel to the Trustee of the Consol. Estate.

James Bownas, Legal Counsel, Cardinal Industries, Inc., Columbus, Ohio.

## OPINION AND ORDER DISMISSING TRUSTEE'S PREFERENCE CLAIMS AND GRANTING DEFENDANT'S ABSTENTION REQUEST

BARBARA J. SELLERS, Bankruptcy Judge.

### I. *Preliminary Considerations And Jurisdictional Statement*

This matter is before the Court upon the motion ("Motion") of defendant, Suitt Construction Co., Inc. ("Suitt"), requesting the Court to dismiss this adversary proceeding in whole or in part or, alternatively, to abstain from exercising its subject matter jurisdiction. Plaintiff, Jay Alix ("Trustee"), opposes the Motion.

In part IV(A) of this opinion and order, the Court holds that the Trustee's preference claims under 11 U.S.C. § 547 fail to state claims upon which relief can be granted and, therefore, must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) and Fed. R.Bankr.P. 7012(b). In part IV(B) of this opinion and order, the Court holds that it will abstain from exercising any subject matter jurisdiction it may possess over the remaining state law counts of the Trustee's complaint.

### II. *Facts*

At all times relevant hereto, the debtor, Cardinal Industries, Inc. ("CII"), was and is the general partner of Harvest Grove Apartments of Columbus, Ltd., an Ohio limited partnership ("Harvest Grove"), and Cherry Glen Apartments of Marion County, Limited Partnership, an Ohio limited partnership ("Cherry Glen") (Harvest Grove and Cherry Glen are hereinafter together referred to as the "Partnerships"). Harvest Grove owns certain real property located in Franklin County, Ohio ("Harvest Grove Property"). Cherry Glen owns certain real property located in Marion County, Indiana ("Cherry Glen Property").

In or around March, 1989, CII executed a promissory note ("Note") in favor of Suitt. CII, not the Partnerships, is liable to Suitt under the Note. As security for CII's liability under the Note, on March 31, 1989, CII, on behalf of Harvest Grove and Cherry Glen, respectively, executed second mortgages ("Mortgages") against the Harvest Grove Property and the Cherry Glen Property in favor of Suitt. The Mortgages were subsequently recorded.

On May 15, 1989, CII filed its voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code. The Trustee is the duly-appointed Chapter 11 trustee for CII and its substantively consolidated estates. Neither Harvest Grove nor Cherry Glen have sought bankruptcy protection.

On May 14, 1991, the Trustee initiated this adversary proceeding against Suitt. In his complaint ("Complaint"), the Trustee seeks relief under three basic theories.

First, the Trustee seeks to have the transfer of the Mortgages avoided as preferential transfers under 11 U.S.C. § 547 ("Preference Counts"). Second the Trustee seeks a determination that the Mortgages are void and without legal effect because the Partnerships received no consideration for the grant of such Mortgages. Finally, the Trustee seeks a determination that the Mortgages are void and without legal effect because, pursuant to the relevant partnership agreements, CII was without legal authority to grant the Mortgages against the Harvest Grove Property and the Cherry Glen Property to secure CII's own liability to Suitt. These final two theories are based upon state law only (collectively, "State Law Counts").

On June 28, 1991, Suitt filed the Motion. In the Motion, Suitt first requests the Court to dismiss the Preference Counts under Fed.R.Civ.P. 12(b)(6). Additionally, Suitt requests the Court to dismiss the remaining State Law Counts of the Complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) or, alternatively, to abstain from exercising subject matter jurisdiction pursuant to 28 U.S.C. § 1334(c)(1).

### III. *Issues*

Although numerous issues are raised by the Motion and the Trustee's opposition thereto, the Court must decide only two:

1. Whether the Preference Counts should be dismissed pursuant to Fed. R.Civ.P. 12(b)(6).

2. Whether the Court should abstain pursuant to 28 U.S.C. § 1334(c)(1) from exercising whatever subject matter jurisdiction it may possess in this proceeding.

### IV. *Legal Discussion*

A. Dismissal Of The Preference Counts Under Fed.R.Civ.P. 12(b)(6)

■ Fed.R.Civ.P. 12(b)(6), made applicable to this proceeding by Fed.R.Bankr.P. 7012, provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In considering Suitt's motion to dismiss under Rule 12(b)(6), the Court must construe the Trustee's Complaint in a light most favorable to the Trustee and accept all well-pleaded material allegations in the Complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Roth Steel Prod. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir.1983). In determining the sufficiency of a complaint that has been challenged by a motion to dismiss, the Court must proceed under the general principle that a complaint may not be dismissed for failure to state a claim unless it appears beyond a doubt that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2233, 81 L.Ed.2d

59 (1984); *Davis H. Elliot Co. v. Carribean Util. Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975).

■ Suitt contends that the Preference Counts fail to set forth claims upon which relief can be granted because the Mortgages were not transfers of property of CII, a necessary element for avoidance under 11 U.S.C. § 547(b). Section 547(b), argues Suitt, simply does not extend to permit a general partner bankruptcy debtor to avoid a mortgage granted by the partnership against partnership assets.

The Trustee counters that Suitt's arguments exalt form over substance. The Trustee contends that CII, by the transactions, effectively transferred the value of its general partnership interests in the Partnerships to Suitt. Absent the transfers, argues the Trustee, such value would have been available for the benefit of all of CII's unsecured creditors. Thus, the Trustee contends, the transfers were the equivalent of CII granting Suitt a security interest against CII's general partner interests.

In this adversary proceeding, the Trustee bears the burden of proving all the elements of a preference set forth in 11 U.S.C. § 547(b). *See*, 11 U.S.C. § 547(g). With regard to § 547(b), "[t]he most basic element is that there was a 'transfer of property of the debtor.'" *Campbell v. Bolen (In re Caudy Custom Builders)*, 31 B.R. 6, 8 (Bankr.D.S.C.1983). The Trustee strains to find such a transfer of CII's property; however, no such transfer exists.

In *Cardinal Industries, Inc. v. Buckeye Federal Savings & Loan (In re Cardinal Industries, Inc.)*, 105 B.R. 834 (Bankr.S.D. Ohio 1989), this Court was careful to distinguish between CII's interests attributable to its status as general partner in various limited partnerships, including the right to share in such partnerships, profits and losses (the "Partnership Interests"), and the ownership interests of such limited partnerships in realty. While the issues before the Court were different then than here,[1] the impact of that distinction remains.

---

1. In the Court's prior opinion and order, the Court held that the existence of CII's interests in various limited partnerships does not cause 11 U.S.C. § 362(a)(3) to stay the prosecution of foreclosure actions against property owned by such limited partnerships.

The subtleties of the distinction are not lost on the Trustee, either. Rather than attack the Mortgages as a grant of interest in the realty owned by the Partnerships, the Trustee urges the Court to view the Mortgages as a transfer to Suitt of *the value* of CII's partnership interests in the Partnerships. Such value, argues the Trustee, was property of CII. Complaint at paras. 21 and 34.

The Trustee's arguments are not persuasive for at least two reasons. First, the Trustee's arguments confuse property with such property's value. The Court agrees that, under limited partnership law generally, the Partnership Interests are personal property of CII. However, the *value* of those Partnership Interests is not property at all.

Second, even if the Court were to construe the value of CII's Partnership Interests as property, no transfer of CII's interest in such property occurred. Any diminution of the value of CII's Partnership Interests was only the *effect* of the Partnerships' granting of the Mortgages to Suitt. The Trustee's contention that "[f]unctionally, the transfers are the equivalent of CII granting a security interest against its general partner interests" is incorrect. While either of the transfers might diminish the value of CII's Partnership Interests, the Partnerships' granting of the Mortgages to Suitt did not encumber directly CII's designated share of the Partnerships' profits, losses and distributions.

## B. *Discretionary Abstention Under 28 U.S.C. § 1334(c)(1)*

In the Motion, Suitt urges the Court to dismiss the State Law Counts pursuant to Fed.R.Civ.P. 12(b)(1) and Fed.R.Bankr.P. 7012(b) for want of subject matter jurisdiction. Alternatively, Suitt requests the Court to abstain pursuant to 28 U.S.C. § 1334(c)(1) from exercising whatever subject matter it may possess over the State Law Counts.

As to Suitt's dismissal request under Rule 12(b)(1), the parties focus their arguments on whether this adversary proceeding is sufficiently "related to" CII's bankruptcy case to confer subject matter jurisdiction upon the district court and this Court by reference. *See,* 28 U.S.C. §§ 157(a) and 1334(b); Order No. Ms–1–84–152, United States District Court, Southern District of Ohio, July 31, 1984 (referring such proceedings to the bankruptcy judges of this district). The parties do not address the jurisdictional basis of the State Law Counts, if any, other than 28 U.S.C. § 1334(b). *See, In re Opti–Gage, Inc.,* 128 B.R. 189, 193 (Bankr.S.D. Ohio 1991).

The test generally employed to define "related to" proceedings is "whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins (In re Pacor, Inc.),* 743 F.2d 984, 994 (3d Cir.1984). This test has been adopted by the Sixth Circuit. *Kelley v. Nodine (In re Salem Mortgage Co.),* 783 F.2d 626 (6th Cir.1986). There may be situations where an extremely tenuous connection to the estate would not satisfy the jurisdictional requirement. *Salem Mortgage* at 634. However, the Sixth Circuit "appears to have taken a particularly expansive view of the 'related to' jurisdiction." *In re Hunt Energy Co.,* 1988 U.S.Dist. LEXIS 14295 (N.D. Ohio 1988) [citing *In re Southern Industrial Banking Corp.,* 809 F.2d 329, 331 (6th Cir.1987)].

In proceedings such as this where the connection to the debtor's main bankruptcy case is quite remote, jurisdictional challenges oftentimes require the Court to hesitantly employ a sort of "line-drawing" analysis. Indeed, the boundaries of the "conceivable effect" test seem to be limited only by the imagination of the creative lawyer, leaving the Court to entertain the possibilities of speculative outcomes and their consequence to the estate.

Fortunately, Congress' broad grant of bankruptcy jurisdiction is also qualified by the discretionary abstention provision of 28 U.S.C. § 1334(c)(1), which provides an additional limitation designed to prevent the overextension of bankruptcy jurisdiction:[2]

---

**2.** *Rodeck v. Olszewki (In re Olszewki),* 124 B.R. 743, 748 (Bankr.S.D. Ohio 1991).

Congress wisely chose a broad jurisdictional grant and a broad abstention doctrine over a narrower jurisdictional grant so that the district court could determine in each individual case whether hearing it would promote or impair efficient and fair adjudication of bankruptcy cases.... The degree to which the related proceeding is related to the bankruptcy case, as a practical matter, will doubtless be an important factor in the decision whether to abstain. *Salem Mortgage* at 635.

Assuming, without deciding, that this Court has subject matter jurisdiction to determine the State Law Counts, the facts of this proceeding and those generally attending the entire CII bankruptcy persuade this Court to abstain in its discretion from doing so. First, the Court believes that the effect of the resolution of the State Law Claims in this proceeding is so tenuously connected to CII's estate that the interest of justice is best served by this Court's abstention. Second, much like Judge Clark in *Olszewki*, this Court is concerned that exercising jurisdiction herein would do violence to the bankruptcy policy that treats partnerships and their partners separately. Clearly, CII's attempt to indirectly achieve results for the non-debtor Partnerships without the necessity of their filing bankruptcy petitions is contrary to the entity theory of bankruptcy law.

## V. *Conclusion*

For the foregoing reasons, it is hereby ORDERED, that the Preference Counts of the Trustee's Complaint are dismissed pursuant to Fed.R.Civ.P. 12(b)(6) and Fed.R.Bankr.P. 7012(b) for failure to state a claim upon which relief can be granted; and it is further

ORDERED, the Court will abstain in its discretion pursuant to 28 U.S.C. § 1334(a)(1) from hearing the remaining State Law Counts of the Trustee's Complaint.

